DANIEL J. KOUMA, APPELLANT, V.
BLUE VALLEY COOPERATIVE, APPELLEE.
576 N.W. 2d 854

Filed March 24, 1998.    No. A-96-1037.

T.J. Hallinan, of Cobb & Hallinan, P.C., for appellant.

David A. Dudley, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

HANNON, IRWIN, and MUES, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Daniel J. Kouma appeals from an order of the district court granting summary judgment to Blue Valley Cooperative (Blue Valley) in Kouma's action for negligent misrepresentation. Because we conclude that the district court was correct in finding that Blue Valley did not owe Kouma any duty, we affirm the grant of summary judgment.

## II. BACKGROUND

Kouma and his son both farm property in Seward County, Nebraska. Blue Valley provides goods and services to farmers in the vicinity of Kouma's farm. In May 1995, Kouma's son contacted Blue Valley seeking a recommendation for a pesticide to be used when planting corn. According to Kouma, his son was seeking a pesticide to use to control rootworm; according

to Blue Valley, he was seeking a pesticide to use to control cutworm. Blue Valley recommended a pesticide named "Furadan."

Kouma's son had his father-in-law pick up the pesticide from Blue Valley. Blue Valley was out of Furadan but recommended using a pesticide named "Ambush" instead. Kouma's son received 1 gallon of Ambush, and he incorporated approximately one-half gallon when planting his corn. At approximately the same time, Kouma was preparing to plant on his land, and after hearing that his son had used Ambush to control rootworm, Kouma decided to purchase some Ambush for use on his own land. Kouma's son contacted Blue Valley and ordered 5 more gallons of Ambush.

Kouma incorporated the Ambush when planting corn on more than 100 acres of land. It is undisputed by the parties that Ambush does not control rootworm when it is incorporated into the soil. Kouma allegedly suffered extensive rootworm damage to his corn crop.

On December 7, 1995, Kouma filed the petition in this case, alleging a cause of action for negligent misrepresentation. Blue Valley filed a motion for summary judgment on May 28, 1996. On September 23, the court sustained the motion for summary judgment. Kouma timely filed this appeal.

### III. ASSIGNMENTS OF ERROR

On appeal, Kouma has assigned two errors. First, Kouma asserts that the district court erred in finding that no issue of material fact existed. Second, Kouma asserts that the district court erred in finding as a matter of law that Blue Valley did not owe a duty of due care to Kouma. Through these two assigned errors, Kouma asserts that the district court erred in granting summary judgment.

### IV. ANALYSIS

#### 1. NEGLIGENT MISREPRESENTATION

In the present case, Kouma asserts that Blue Valley is responsible for negligent misrepresentation concerning the use of Ambush for rootworm control. The doctrine of negligent misrepresentation is relatively new in Nebraska and was not recognized prior to the Nebraska Supreme Court's decision in

*Flamme v. Wolf Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802 (1991). In that case, however, the Supreme Court did not enumerate the necessary elements of a claim for negligent misrepresentation. See *id.*

In *Gibb v. Citicorp Mortgage, Inc.*, 246 Neb. 355, 518 N.W.2d 910 (1994), the court officially adopted the definition of negligent misrepresentation found in Restatement (Second) of Torts § 552 (1977). Section 552 at 126-27 reads, in relevant part, as follows:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>
> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it[.]

Blue Valley asserts that the district court correctly granted summary judgment because there is no genuine issue as to whether or not the facts established any duty owed by Blue Valley to Kouma in the present case. It is undisputed from the depositions and affidavits presented to the district court that Blue Valley did not make any representations directly to Kouma, but, rather, allegedly made representations to Kouma's son. Kouma asserts that § 552 is satisfied, however, because it was reasonable to infer that Blue Valley knew of the relationship between Kouma and his son and because it was reasonable to infer that Kouma's son would relate the recommendation about Ambush to Kouma.

We do not agree that the record presented to the district court concerning the motion for summary judgment establishes that Blue Valley had any reason to know of the farming relationship between Kouma and his son or that Kouma's son might relate

the recommendation to Kouma. In Kouma's deposition, he testified that he had not had any conversation with anybody from Blue Valley during the 1995 planting season. In fact, Kouma testified that he had not had conversations with anybody from Blue Valley for several years prior to 1995. The representative from Blue Valley who allegedly made the recommendation in question in this case testified in his deposition that he did not recall ever having spoken to Kouma previously. As such, there is nothing in the record from which it can be inferred that when the recommendation was made, Blue Valley even knew that Kouma was engaged in farming, let alone that he and his son farmed together or that his son would pass on the recommendation.

■ Nonetheless, even if it could be inferred that Blue Valley knew of the relationship and knew that it was possible that Kouma's son would pass on the information, we do not believe that to be the test established by § 552. Section 552 specifically limits the liability of a supplier of information to the person who receives the information "or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it." Section 552 contemplates liability to third parties only if the supplier intends for the information to ultimately reach the third party or if the supplier knows that the recipient will pass the information on to the third party.

According to the comments to § 552, it is not necessary that the supplier know the specific identity of the third person, so long as the supplier provides the information intending or knowing that it will be repeated to a limited group of persons and the plaintiff ultimately proves to be a member of that limited group. "It is not enough that the maker [of the statement] merely knows of the ever-present possibility of repetition to anyone, and the possibility of action in reliance upon it, on the part of anyone to whom it may be repeated." § 552, comment *h.* at 133. "The maker of the negligent misrepresentation is subject to liability to only those persons for whose guidance he knows the information to be supplied . . . ." § 552, comment *i.* at 136-37.

In the present case, the record does not contain any facts upon which Blue Valley can be held to owe a duty to Kouma. Blue Valley did not make any recommendations to Kouma, and

there are no facts upon which it can be inferred that Blue Valley knew or intended the alleged recommendation to Kouma's son would be conveyed to Kouma. As such, under § 552, Blue Valley cannot be liable for loss suffered by Kouma.

## 2. RESOLUTION

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Darrah v. Bryan Memorial Hosp.*, 253 Neb. 710, 571 N.W.2d 783 (1998); *Schendt v. Dewey*, 252 Neb. 979, 568 N.W.2d 210 (1997). In reviewing a motion for summary judgment, the question is not how a factual issue is to be decided, but, rather, whether any issue of material fact exists. *Darrah v. Bryan Memorial Hosp., supra.* Conclusions based upon guess, speculation, conjecture, or a choice of possibilities do not create material issues of fact for purposes of summary judgment. *Id.* In reviewing a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Whalen v. U S West Communications*, 253 Neb. 334, 570 N.W.2d 531 (1997).

The pleadings, depositions, and affidavits in the present case disclose that there is no genuine issue as to any material fact or the reasonable inferences to be drawn therefrom. Based on the undisputed facts, Blue Valley owed no duty of care to Kouma. As such, Blue Valley is entitled to judgment as a matter of law, and the district court correctly granted summary judgment to Blue Valley.

## V. CONCLUSION

Because Blue Valley owed Kouma no duty of care, the district court correctly granted summary judgment. The judgment is affirmed.

AFFIRMED.